IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

1821 HOLDINGS, INC., etc., et al.,

                Plaintiff,                Case No. 3:08 CV 2361

-vs-

                                         MEMORANDUM OPINION

CITY OF TOLEDO,

                Defendant.

KATZ, J.

This case is before the Court on Plaintiffs' motion to remand this action to state court. Doc. 3. For the reasons discussed below, Plaintiff's motion is granted.

**I. Background**

On September 17, 2007, Plaintiffs filed a Complaint in the Lucas County Court of Common Pleas against Defendant City of Toledo. This Complaint, alleging due process violations under the U.S. Const. amend. XIV, named the following plaintiffs in the case caption:

    1821 Holdings, LLC dba Cambridge Place
    1821 W. Alexis Road
    Toledo, Ohio 43613

    and

    Delaney's Bar
    309 W. Alexis Road
    Toledo, Ohio 43612

    and

    Buster's Bar
    2704 Nebraska Avenue
    Toledo, Ohio 43607

Doc. 1 at Ex 3. On September 20, 2007, the Lucas County Clerk of Courts served Defendant with Summons and Copy of Complaint. On December 13, 2007, Defendant filed an Answer. Plaintiffs

allege that after some discovery, Plaintiffs' counsel observed that Plaintiffs were not identified by their official names. As a result, Plaintiffs filed an Amended Complaint on September 10, 2008 to reflect the "real parties in interest" pursuant to Civil Rules 15 and 17(A) of the Ohio Rules of Civil Procedure. The Amended Complaint named the following plaintiffs in the case caption:

> 1821 Holdings, Inc.
> dba Cambridge Place
> 1821 W. Alexis Road
> Toledo, Ohio 43613
>
> and
>
> William S. Delaney
> dba Delaney's Lounge
> 309 W. Alexis Road
> Toledo, Ohio 43612
>
> and
>
> David Guy
> dba Buster's Bar
> 2704 Nebraska Avenue
> Toledo, Ohio 43607

Doc. 1 at Ex. 5. On October 6, 2008, twenty-six days after Plaintiffs filed their Amended Complaint, Defendant filed a Notice of Removal.

Plaintiffs argue that this action was incorrectly removed because (1) Defendant filed a Notice of Removal more than thirty days after being formally served with the Summons and Copy of Complaint, and (2) Plaintiffs' Amended Complaint did not raise any new issues or introduce any new parties making the action removable pursuant to 28 U.S.C. 1446(b). Defendant contends that Plaintiffs' original Complaint failed to properly identify Plaintiffs, and thus Defendant's Notice of Removal was proper because it was filed within thirty days of the Amended Complaint.

**II. Discussion**

Under 28 U.S.C. § 1441(a), "any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending." Neither party raises concerns regarding whether this Court could have jurisdiction over this action if properly removed. Rather, the question is whether Defendant's Notice of Removal complied with the procedural requirements under 28 U.S.C. § 1446.

Under 28 U.S.C. § 1446(b),

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

In the instant case, if the Court concludes that the original Complaint was effectively the initial pleading, Defendant's Notice of Removal would have been filed far after the thirty-day limit. While service of the proper initial pleading in the state court normally triggers the thirty-day removal period, it is less clear whether the thirty-day period begins to run when service of the initiatory papers in the state court are technically defective. *See and compare Mermelstein v. Maki*, 830 F.Supp. 180 (S.D.N.Y.1993) (practical service suffices), with *Baratt v. Phoenix Mut. Life Ins. Co.*, 787 F.Supp. 333 (W.D.N.Y.1992) (only proper service starts the period).

The Sixth Circuit addressed when the thirty-day period begins to run in *Tech Hills II Associates v. Phoenix Home Life Mutual Insurance Co.*, 5 F.3d 963 (6th Cir. 1993). In *Tech Hills*,

3

the court clarified the meaning of § 1446(b)'s "receipt by defendant . . . through service or otherwise" requirement. The court adopted the "receipt rule," meaning that "the actual receipt by a defendant of a complaint [i]s sufficient to commence the thirty-day service period, irrespective of the technicalities of state service of process requirements." *Id.* at 967. The court rejected the "proper service" rule which provides that the thirty-day period starts to run only when proper service has been made on the defendant. *Id.* The court held that: (1) "the removal period is commenced when the defendant has in fact received a copy of the initial pleading that sets forth the removable claim"; and (2) "[t]he removability of the action must be readily ascertainable from the face of the pleading." *Id.* at 968.

Here, both of these requirements were satisfied in Plaintiffs' original Complaint. On September 20, 2007, the Lucas County Clerk of Courts served Defendant with Summons and Copy of Complaint that alleged a claim arising under the United States Constitution. Thus, Defendant did in fact receive a copy of the initial pleading that set forth the removable federal claim that was readily ascertainable.

Defendant argues that when Plaintiffs filed their original September 20, 2007 Complaint, they failed to list or identify the names of any individual or legal entity capable of pursuing a cause of action in violation of Ohio Civil Rule 10(A). This deficiency, Defendant argues, means that there was effectively no complaint until the parties in interest were officially named. As a result, the Court should consider Plaintiffs' September 10, 2008 Amended Complaint the "initial pleading" for purposes of removal. Defendant relies on *Group of Tenants from Grandview Homes v. Mar-Len Realty, Inc.*, 40 Ohio App.2d 449, 449-450 (1974). In *Grandview*, the court held that under Ohio law, "the complaint [must] contain the names and address of all parties except for a defendant whose name is initially unknown."

4

The instant case presents different facts from the facts in *Grandview*. In *Grandview,* the Complaint described the plaintiff in the caption as "A Group of Tenants From The Grandview Homes, on behalf of themselves and all others similarly situated" and the address of counsel was given as the address for the plaintiff. *Id.* at 449. Here, the addresses of each of the Plaintiffs in the original Complaint were accurate and pertained to each of the individual Plaintiffs' places of business. No changes were made to the addresses in the Amended Complaint. Additionally, the names of the individual Plaintiffs in the original Complaint were only slightly different from the names in the Amended Complaint. For example, in the original Complaint one plaintiff was named as "Buster's Bar" and in the Amended Complaint the plaintiff was named as "David Guy dba Buster's Bar." For purposes of removal, these slight deficiencies are not enough for this Court to conclude that there was effectively no complaint until the parties in interest were officially named in the Amended Complaint. *See Tech Hills*, 5 F.3d at 967 (actual receipt by a defendant of a complaint is sufficient to commence the thirty-day service period, irrespective of the technicalities of state service of process requirements). Thus, Defendant's October 6, 2008 Notice of Removal was not timely.

**III. Conclusion**

For the reasons stated herein, Plaintiffs' motion to remand is hereby granted.

IT IS SO ORDERED.

                                                s/ *David A. Katz*
                                                DAVID A. KATZ
                                                U. S. DISTRICT JUDGE